IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CR3113 |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE A. ESPINOZA, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

    Jose A. Espinoza has filed a Motion to Vacate under 28 U.S.C. § 2255 (filing no. 110) in which he claims that his counsel was ineffective. Among other things, and despite the plea agreement, Espinoza claims that his counsel was ineffective at sentencing for a variety of reasons including that: (1) Espinoza should not have received an obstruction of justice enhancement; (2) Espinoza was entitled to a reduction for acceptance of responsibility; (3) Espinoza should not have been subjected to a 20-year statutory minimum; (4) Espinoza should not have received a weapons enhancement; (5) Espinoza was only responsible for 96.5 grams of actual methamphetamine and (6) Espinoza's criminal history was miscalculated.

    In light of *United States v. Galaviz*, 687 F.3d 1042 (8th Cir. 2012) (after his incarceration upon pleading guilty to distributing methamphetamine and being felon in possession of firearm for which he received enhanced sentence of 151-month prison term, prisoner's conspiracy to murder confidential informant in retaliation for his cooperation with government was not willful attempt to obstruct administration of justice with respect to sentencing of "instant offense of conviction," within meaning of sentencing guideline authorizing two-level obstruction of justice enhancement, since prisoner could not have intended to obstruct justice regarding offenses to which he had already pleaded guilty, unless he thought informant was going to testify against him at sentencing, but prisoner had no reason to think that informant would be witness

at sentencing at time that prisoner entered conspiracy or during time that he was involved in conspiracy), I think it prudent to hear from the government.

Accordingly,

IT IS ORDERED that:

1. On or before June 17, 2013, the government shall serve and file a brief responding to *each and every* allegation of Espinoza's motion.

2. In particular, but not by way of limitation, the government shall address what the evidence showed at the evidentiary hearing held on January 19, 2012 regarding obstruction of justice, acceptance of responsibility, Ubeldo Lopez and Gilbert Ontiveros. (*See* filing no. 88.)

3. In particular, but not by way of limitation, the government shall address whether Espinoza is entitled to the benefit of the *Galaviz* decision.

DATED this 14th day of May, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge